## THE STATE *vs.* WILLIAM A. PATTON.

Kent County, October Term, 1894.

**Larceny. Intent.**—In an indictment for larceny, felonious intent must be established to the satisfaction of the jury.

**Same.**—A felonious intent may be inferred from proof that the personal property was taken and carried away by one charged with larceny, who afterwards attempted to conceal or deny his possession of it.

**Personal Property. Possession.**—Property shown to be in one's possession is presumed to belong to him, until the contrary is shown.

The defendant was indicted and tried at this term for the larceny of one dollar.   The indictment was in part as follows :

" That William A. Patton, late of East Dover Hundred   * * *   on the fourth day of August, in the year of our Lord one thousand eight hundred and ninety-four   * * *   certain paper money, the kind of which is to the jurors aforesaid unknown, of the aggregate value of one dollar, lawful money of the United States of America, of the money, goods and chattels of Samuel Hankin   * * *   then and there feloniously did steal, take and carry away," etc.

The evidence tended to show that the defendant entered the clothing store of Mr. Samuel Hankin, of the town of Dover, on the date alleged, in company with another colored lad, who engaged the attention of Mr. Hankin while the defendant lingered around a show case in which was a cigar box, in which box Mr. Hankin had a one dollar note ; that defendant was seen to reach over the show case, but withdrew his arm when Mr. Hankin inquired what he was doing there, replying that he was examining some suspenders. The two lads then retired without making any purchases.   Mr. Hankin examined his cigar box, or till, in which he kept his money and discovered that the one dollar note was missing.   He then went after the accused and overtook him a short distance down the street.

He asked him if he had the money and defendant denied that he had. He requested him to come back to the store with him and defendant did so. On the way back he slapped defendant in the mouth with his hand and the dollar in question flew out of his mouth.

*Jones*, for the defendant, asked the Court to instruct the jury to bring in a verdict of not guilty, upon two grounds:

1. That the money was not identified as the property of Mr. Hankin, as alleged in the indictment.

2. That there was no proof that Mr. Hankin did not know what kind of money this was, and that there was therefore a variance.

*Giles*, Deputy Attorney General for the State, replied that the proof of ownership was complete, and that whether it was or not, was a matter for the jury. That as to the allegations in the indictment "the kind of which is to the jurors aforesaid unknown," the statute (Chap. 268, Vol. 19, Laws of Delaware) provided that if paper money be stolen it shall be sufficient to allege, if the kind of money is unknown, that certain paper money of the aggregate value of —— dollars was stolen, the kind of which is distinguished from the denomination, which in the act applies to the larceny of metal money. If the description of the note be unknown—as to its being a national bank note or a treasury certificate—notwithstanding the denomination may be known, the money may be described in an indictment in accordance with the act.

The Court refused to grant the motion.

GRUBB, J., (charging the jury.)

The prisoner at the bar, William A. Patton, is charged in the indictment before you with the larceny of paper money of the value of one dollar, the property of Samuel Hankin.

Larceny, as you all probably know, is the felonious taking and carrying away of the personal property of another with intent

to convert it to the taker's own use and to deprive the owner of the use thereof.

To establish this charge against the prisoner at the bar, it is necessary for the State to show to your satisfaction, beyond a reasonable doubt, that paper money of the value of one dollar, the property of Samuel Hankin, was taken and carried away by this prisoner, with intent to steal it, and in this county.

So far as I can comprehend the character of the defence, it is that although he may have taken the property, yet that he did not take it with intent to steal it—with "*animo furandi.*" The intent to steal it at the time of taking and carrying away must be established to your satisfaction by the State; because, if that is not established, even supposing all the other essentials of the offence were established to your satisfaction, he would be entitled to a verdict of not guilty. So far as we understand the nature of the defence, it is not necessary for us to say any more to you than upon the matter of the felonious intent.

The evidence is all before you. The property is shown to have been in the possession of Samuel Hankin—if you believe his evidence. *Prima facie,* until the contrary is proven, it is presumed to be his property, being in his possession.

As to the matter of intent, we may say to you that if you are satisfied by the proof that this prisoner took and carried away this property, attempted to conceal it, or denied the possession of it, from those facts you may infer a felonious intent.

We now leave the case in your hands for you to render your verdict therein.

*Verdict, " Guilty in manner and form as indicted."*

*Branch R. Giles,* Deputy Attorney General, for the State.

*George M. Jones,* for the defendant.